# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. SMITH, III, | CASE NO. 1:09-cv-02088-OWW-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE REMANDED TO STATE COURT AND PLAINTIFF'S MOTION FOR SANCTIONS BE DENIED |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Docs. 6, 11, 13) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Robert P. Smith, III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 29, 2009, Plaintiff filed a motion requesting that this action be remanded back to state court. (Doc. #6.) Plaintiff argues that remand is proper due to multiple procedural defects that occurred when Defendants sought to remove this case from state court. On February 22, 2010, Plaintiff filed a motion requesting that Defendants be sanctioned for filing a nonsensical opposition to Plaintiff's motion to remand. (Doc. #11.)

**I.      Plaintiff's Motions**

    **A.      Plaintiff's Motion to Remand**

This action was removed from Kings County Superior Court on November 30, 2009, by Defendant California Department of Corrections and Rehabilitations ("CDCR"). (Doc. #1.) Defendant CDCR filed its notice of removal on November 24, 2009. The notice claims that removal is proper under 28 U.S.C. § 1441(b) because Plaintiff's complaint alleges federal claims under 42

U.S.C. § 1983. Plaintiff requests remand "due to multiple procedural defects in defendants' papers by which they successfully obtained removal of this action from the state court." (Mot. to Remand Case To State Court Based On Multiple Procedural Defects in Defendants' Removal Papers 1:20-22, ECF No. 6.)

Plaintiff complains that the notice of removal was not signed by Defendants' attorney of record on November 24, 2009, because on that date the attorney general was representing Defendants, not Defendants' current counsel, Beeson Terhorst, LLP. Plaintiff complains that the notice of substitution of counsel was not submitted until December 9, 2009. Plaintiff also claims that the notice of removal was not properly served on Plaintiff because it was sent to his old address at Corcoran State Prison, not his new address at Salinas Valley State Prison. Plaintiff complains that there was a delay in the receipt of the notice caused by prison officials who delayed Plaintiff's mail. Plaintiff also contends that Defendants failed to include a "'copy of all process, pleadings, and orders served upon such defendant or defendants in such action per § 1446(a)." (Mot. to Remand 3:14-16, ECF No. 6.)

More significantly, Plaintiff notes that Defendant CDCR failed to obtain the consent of all co-defendants prior to filing its notice of removal. Plaintiff also contends that the notice of removal was untimely because Defendant CDCR was served on May 4, 2009, not in November 2009 as Defendant contended in its notice of removal. Plaintiff argues that the original notice of removal was untimely because it was filed more than 30 days after Defendant was served with Plaintiff's complaint. Plaintiff attached a proof of service to his motion that indicates that an officer from the Sheriff's Office served the CDCR with Plaintiff's complaint and a summons by leaving it with an authorized agent. The proof of service indicates that service occurred on May 5, 2009. Plaintiff admits that the other Defendants in this action were served in November 2009. However, those Defendants did not file a notice of removal.

Defendant CDCR filed an opposition to Plaintiff's motion on January 12, 2010. (Doc. #7.) Defendant's opposition argues that removal was timely because "the notice of removal was filed within thirty days of Defendant Clark's receipt of the initial pleading." (Def. State of California's Et. Al., Opp'n to Mot. to Remand 1:22-23, ECF No. 7.) Defendant Clark is not a party to this action

and Defendant CDCR provides no explanation regarding who he or she is, or why his or her receipt of the initial pleading is relevant in determining whether remand is proper. Defendant CDCR further argues that Plaintiff "served his initial pleading on the California Attorney General's Office . . . and not any individual Defendant." (Opp'n 1:24-25, ECF No. 7.) Defendant contends that the Attorney General is not an authorized agent for service of process on any of the individual Defendants and Plaintiff's first attempt at service was improper. Defendant CDCR further claims that after Plaintiff's improper attempt at service, it received an extension of time to file a responsive pleading "until Defendant Clark could be identified, located and provided a copy of the initial pleading."[1] (Opp'n 1:27-2:2, ECF No. 7.) The declaration from Michael A. Terhorst, attorney for Defendant CDCR, states that "[t]he Attorney General's Office is not an authorized agent to accept service of process on Defendant Clark, and individual." (Decl. of Michael A. Terhorst in Support of Defendants' Opp'n to Objection to Removal of Action 2:2-3, ECF No. 7.)

Defendant further argues that Beeson Terhorst, LLP, the law firm representing Defendants, received "a request from the CDCR to represent their agency in the Petition for Writ of Mandate filed by inmate Edward Spencer." (Opp'n 2:4-7, ECF No. 7.) It is unclear who "inmate Edward Spencer" is or to what "Petition for Writ of Mandate" Defendant is referring. An attorney from Beeson Terhorst advised CDCR that it would seek removal of "this matter"[2] to federal court. The removal notice was filed on November 24, 2009. Defendant contends that the notice of removal "was timely filed within 30 days of the individual defendants' receipt of the initial pleading" because it was received on or about November 24, 2009. (Opp'n 2:12-14, ECF No. 7.)

Plaintiff filed a reply on January 25, 2010. (Doc. #8.) Plaintiff notes that the opposition filed by Defendant CDCR contains numerous typographical errors and references to matters that are not relevant to this action. Plaintiff also argues that Plaintiff's motion clearly establishes that Defendants were served in May, as demonstrated by Exhibit B to Plaintiff's motion and that Defendant CDCR

---

[1] The Court reiterates the fact that Defendant Clark is not a party in this action.

[2] It is unclear whether "this matter" refers to the matter currently before the Court or the mysterious matter behind the Petition for Writ of Mandate filed by inmate Edward Spencer. The declaration attached to the opposition refers to a Petition for Writ of Mandate filed by Robert Smith. Although Robert Smith is correctly identified as the Plaintiff in the matter currently before this Court, there is no "Petition for Writ of Mandate" filed in this action.

fails to raise any argument that rebuts that fact.

### B. Plaintiff's Motion for Sanctions

On February 22, 2010, Plaintiff filed a motion requesting sanctions.[3] (Doc. #11.) Plaintiff requests that the Court sanction Defendant CDCR's counsel for filing an opposition to Plaintiff's motion to remand that was "plainly deficient and erroneous." (Pl.'s Mot. that Counsel for Defs. be Sanctioned for Filing the Opp'n and its Supporting Decl. to the Mot. for Remand 3:14-18, ECF No. 11.) Plaintiff claims that Defendant CDCR filed an opposition that asserts "simply bizarre, unquestionable incorrect[sic], in fact, fantastical, justifications for the removal notice." (Mot. that Counsel for Defs. be Sanctioned 4:6-9, ECF No. 11.)

## II. Discussion

### A. Plaintiff's Motion to Remand Should Be Granted

Plaintiff argues that this action should be remanded back to state court due to procedural deficiencies in the removal process. Under 28 U.S.C. § 1447(c), Plaintiff is permitted to bring a motion to remand the case back to state court based on non-jurisdictional defects.

Plaintiff argues that removal was improper because not all defendants joined the notice of removal. "Removal requires the consent of all the defendants." Wisconsin v. Dept. of Corrections v. Schacht, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) (citing Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245, 248 (1900)); Ely Valley Mines, Inc., v. Hartford, 644 F.2d 1310, 1314 (9th Cir. 1981). "All defendants must join in a removal petition with the exception of nominal parties." Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986) (finding removal improper because defendant who filed notice of removal failed to join co-defendant).

Defendant CDCR filed the removal notice in this action. Plaintiff's complaint names several other parties as defendants, including the State of California, Dr. Gerstel, Dr. Warren H. Liu, Dr. William J. McGuinness, V. O'Shaughnessy, Nola Grannis, F.N.P. N. Loadholt, C. Hall, Dr. Julian Kim, Gerri Cassesi, and Registered Nurse Jarrett. Although Defendant CDCR is not required to

---

[3] Plaintiff's motion for sanctions was filed on February 22, 2010. However, Defendant's opposition to the motion was filed earlier, on February 9, 2010. It is unclear whether this is Plaintiff's second motion for sanction and the Court did not receive Plaintiff's first motion for sanctions, or if the motion for sanction was delayed and Defendant was able to file an opposition before the Court received the motion.

obtain the written consent of the other defendants to remove if the other defendants have not yet been served with process in the state action, see <u>Community Bldg. Co. v. Maryland Cas. Co.</u>, 8 F.2d 678, 678-679 (9th Cir. 1926), Defendant CDCR's opposition indicates that the "individual defendants" were served before the notice of removal was filed. Defendant states that the November 24, 2009 notice of removal "was timely filed within 30 days of the individual defendants' receipt of the initial pleading."

Even if CDCR was the only defendant served at the time of the notice of removal, this action should nonetheless be remanded because the notice of removal would have been untimely. Under 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "In cases with multiple defendants, there is a split in authority – unresolved in this Circuit – on whether the thirty-day period to file, or join in, a notice of removal begins to run on the day of service on the first-served or last-served defendant." <u>United Steel, Paper & Forrestry, Rubber Mfg. Energy, Allied Indus. & Service Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Company</u>, 549 F.3d 1204, 1208 (9th Cir. 2008). This "split in authority" would not need to be resolved if Defendant CDCR was the only defendant served at the time the notice of removal was filed. In that case, there would be no dispute regarding when the time limit begins to run because the only relevant date of service would be Defendant CDCR's date of service.

Plaintiff claims that Defendant CDCR was served in May 2009 and has attached a proof of service to his motion. Defendant CDCR has not disputed the authenticity of the proof of service and has not disputed the date when CDCR was properly served. If Defendant CDCR was served in May 2009, the November 2009 notice of removal would have been filed long past the 30-day deadline set forth in Section 1446(b). Accordingly, the Court will recommend that this action be remanded back to state court.

**B.     <u>Plaintiff's Motion for Sanctions Should Be Denied</u>**

The Court finds that sanctions under Federal Rule of Civil Procedure 11 are not appropriate against Defendant's counsel for filing its opposition to Plaintiff's motion to remand. Although

Defendant's opposition is clearly deficient and contains significant typographical errors and misplaced references to matters that are not relevant to this action, the filing does not rise to the level of sanctionable conduct.

Plaintiff claims that even if the errors in Defendant's filings were the result of confusion and not bad faith, sanctions are still appropriate because "sanctions are being sought per Rule 11(a) and not 11(b)." (Mot. that Counsel for Defs. be Sanctioned 7:15-18, ECF No. 11.) Rule 11(a) sets forth the requirement that all pleadings, motions and other filings be signed by at least one attorney of record. Rule 11(b) prohibits misrepresentations to the Court.

Plaintiff's argument for sanctions for the alleged violation of Rule 11(a) is without merit. Sanctions under Rule 11 are governed by subsection (c), which contemplates sanctions for violations of subsection (b): "If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . ." Federal Rule of Civil Procedure 11(c). There is no provision under Rule 11 that explicitly authorizes the issuance of sanctions for violations of subsection (a). Since Plaintiff's motion seeks sanctions for a violation of Rule 11(a), Plaintiff's motion should be denied. Further, it is unclear how Defendant's counsel violated Rule 11(a) as Defendant's opposition and declaration in support of its opposition was signed in accordance with Rule 11(a). Plaintiff's arguments address the factual inaccuracies within the opposition, which is a Rule 11(b) issue, not a Rule 11(a) issue.

Even if the Court were to construe Plaintiff's motion as requesting sanctions for violation of Rule 11(b) despite the fact that Plaintiff explicitly states that he is seeking sanctions for the violation of Rule 11(a), there is no clear violation of Rule 11(b). "Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is "well-grounded in fact," has a colorable basis in law, and not filed for any improper purpose." Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994). "According to the Supreme Court, 'the central purpose of Rule 11 is to deter baseless filings in district court.'" Id. (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

The Court finds that Defendant's filing does not rise to the level of sanctionable conduct. There is no indication that Defendant filed its opposition to Plaintiff's motion to remand for an

improper purpose.  Further, the opposition cannot be characterized as "frivolous."  Although Defendant erroneously refers to persons who are not parties to this action, the errors are clearly typographical in nature.  Although Defendant's opposition is sloppy and poorly drafted, it is not sanctionable at this time.

### III.     Conclusion and Recommendation

The Court finds that remand is proper because Defendant CDCR failed to obtain the consent of all defendants prior to filing his notice of removal and the other defendants did not join the motion or otherwise expressly consent to removal.  The Court further finds that sanctions are not appropriate for Defendant's deficient opposition.

Accordingly, it is HEREBY RECOMMENDED that:

1.     This action be REMANDED to Kings County Superior Court; and

2.     Plaintiff's motion for sanctions be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     August 23, 2010**                        /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE