# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. SMITH, III,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS<br>AND REHABILITATION, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-02088-OWW-SKO PC<br><br>APPEAL NO. 11-15439<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION WITH PREJUDICE, AND DIRECTING CLERK OF COURT TO SERVE COURTESY COPY OF ORDER ON THE NINTH CIRCUIT<br><br>(Doc. 21) |

Plaintiff Robert P. Smith, III is a state prisoner who was proceeding pro se in this civil action. On September 29, 2010, the Court granted Plaintiff's motion to remand this action to Kings County Superior Court and denied his motion for sanctions. On October 18, 2010, Plaintiff filed a motion seeking reconsideration of the denial of his motion for sanctions. Defendants did not file a response.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

The Magistrate Judge considered Plaintiff's request for sanction under Federal Rule of Civil Procedure 11 and recommended it be denied. In adopting the Findings and Recommendations in full, the Court also considered Plaintiff's objections and addressed Plaintiff's request for costs under 28 U.S.C. § 1447(c) raised therein. Plaintiff seeks reconsideration of the denial of his motion for sanctions and costs under Rule 11 and under section 1447(c).

Section 1447(c) provides that an order remanding a case may require payment of just costs and actual expenses resulting from the removal. Fee shifting is not automatic, and when an objectively reasonable basis for removal exists, fees sought under section 1447(c) should be denied. Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41, 126 S.Ct. 704 (2005); Gardner v. UICI, 508 F.3d 559, 562-63 (9th Cir. 2007). The Court found a reasonable basis for removal existed, ending the inquiry. Further, the Magistrate Judge found that Defendants' filing did not warrant the imposition of sanctions under Rule 11 because it was not filed for an improper purpose and it was not frivolous.

Plaintiff disagrees with the Court's ruling and seeks to further argue his entitlement to sanctions and costs. The Court already considered these issues in its order of September 29, 2010. Accordingly, Plaintiff's motion for reconsideration, filed October 18, 2010, is HEREBY DENIED,

///
///
///
///
///
///

1 | with prejudice, and the Clerk of the Court SHALL serve a courtesy copy of this order on the Ninth
2 | Circuit.¹
3 |
4 | IT IS SO ORDERED.
5 | **Dated:**   **April 12, 2011**                              /s/ Oliver W. Wanger
                                                                  UNITED STATES DISTRICT JUDGE

---

¹ Plaintiff filed a notice of appeal on February 22, 2011, and the appeal is being held in abeyance pending a ruling on Plaintiff's motion for reconsideration. (Docs. 22, 25.)

3